JS-6

```
                                                          Priority
         UNITED STATES DISTRICT COURT                     Send      _____
           CENTRAL DISTRICT OF CALIFORNIA                 Enter     _____
                                                          Closed    _____
              CIVIL MINUTES - GENERAL                     JS-5/JS-6 _____
                                                          Scan Only _____
```

**CASE NO.:** <u>CV 16-06450 SJO (SKx)</u>  **DATE:** <u>October 31, 2016</u>

**TITLE:** <u>Jaime Corona v. Quad Graphics Printing Corp. et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                           Not Present
Courtroom Clerk                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 13]

This matter is before the Court on Plaintiff Jaime Corona's ("Plaintiff") Motion to Remand ("Motion"), filed on September 26, 2016. Defendants Quad/Graphics, Inc. and Quad/Graphics Printing LLC (collectively, "Defendants" or "Quad/Graphics") filed their Opposition on October 7, 2016.[1] Plaintiff did not file a reply. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for October 31, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following in his Complaint, filed in the Superior Court of the State of California, County of Los Angeles, on June 13, 2016. (*See* Decl. Barri Friedland in Supp. Notice of Removal ("Friedland Decl."), ECF No. 3, Ex. A Compl. ("Compl.").) On or about January 2013, at the age of 51, Plaintiff began working as a machine operator for Defendants.[2] (Compl. ¶ 7.) Before working for Defendants, Plaintiff underwent back surgery. (Compl. ¶ 7.) During the course of Plaintiff's employment, Defendants would move Plaintiff to different machines without providing him the proper training. (Compl. ¶ 8.) In approximately June 2013, Defendants transferred Plaintiff to a job requiring Plaintiff to carry heavy rolls of paper. (Compl. ¶ 8.) In approximately

---

[1] Quad/Graphics was formerly known as Quad/Graphics Printing Corp. (Notice of Removal ("Removal") 1, ECF No. 1.) The individual defendants in the action, Jim Fitzpatrick and Oscar Cabrera, did not file an opposition or join in the Quad/Graphics Opposition. For purposes of this Order, references to Defendants shall refer to Quad/Graphics only.

[2] At the onset of Plaintiff's Complaint are 11 numbered paragraphs setting out the California Fair Employment and Housing Act ("FEHA"). All citations herein to the Complaint are to the paragraphs following the first 11 introductory paragraphs.

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
|---|---|---|---|

CASE NO.:  CV 16-06450 SJO (SKx)             DATE: <u>October 31, 2016</u>

March 2014, Plaintiff notified Defendants that he needed to have back surgery due to the continuous stress from the heavy lifting. (Compl. ¶ 9.) Plaintiff was placed on leave under the Family Medical Leave Act ("FMLA"). (Compl. ¶ 10.) During this time, Plaintiff filed a workers compensation claim for which Defendants deposed Plaintiff and obtained his medical records. (Compl. ¶ 10.) Following his surgery, Plaintiff was unable to immediately return to work. (Compl. ¶ 10.) Plaintiff alleges that Defendants refused to extend Plaintiff's medical leave to allow him to heal, and terminated Plaintiff on October 28, 2014 in violation of public policy. (Compl. ¶¶ 11-12.) Plaintiff also alleges that Defendants had already replaced Plaintiff when he was on medical leave, and did not keep his job open for him, make any attempt to return him to his position, or look for another position for Plaintiff. (Compl. ¶ 14.) Finally, Plaintiff's supervisors–Jim Fitzpatrick ("Fitzpatrick") and Oscar Cabrera ("Cabrera")–allegedly provided false and pretextual reasons for Plaintiff's termination due to his disability and serious health condition. (Compl. ¶ 113.)

Plaintiff asserts the following five causes of action: (1) wrongful termination in violation of public policy in FEHA preventing physical disability discrimination; (2) wrongful termination in violation of public policy in FEHA preventing retaliation; (3) wrongful termination in violation of California Labor Code § 1102.5; (4) wrongful termination in violation of public policy in FEHA preventing age discrimination; and (5) intentional infliction of emotional distress ("IIED"). (*See generally* Compl.) The first four causes of action are brought against Quad/Graphics only; the fifth cause of action is brought against Quad/Graphics, Fitzpatrick, and Cabrera.

Defendants answered Plaintiff's Complaint on August 25, 2016, and timely removed the instant action to this Court on August 26, 2016 pursuant to 28 U.S.C. sections 1332, 1441, and 1446.[3] (*See generally* Decl. of Barri Friedland re Civil Cover Sheet, Ex. B Answer, ECF No. 3; Removal.) In their Removal, Defendants argue that diversity jurisdiction exists because California residents Fitzpatrick and Cabrera are fraudulently joined, as Plaintiff cannot state an IIED claim against them.[4] (*See* Removal ¶¶ 16-26.) In the instant Motion, Plaintiff argues that Defendants failed to demonstrate that Fitzpatrick and Cabrera are sham defendants whose citizenship should be ignored for purposes of determining diversity. For the following reasons, the Motion is **GRANTED**.

II.     <u>DISCUSSION</u>

   A.     <u>Meet and Confer Requirement</u>

As a threshold matter, Defendants argue that Plaintiff's failure to comply with Local Rule 7-3 and this Court's Initial Standing Order renders its Motion defective. Pursuant to Local Rule 7-3,

---

[3] Quad/Graphics, Fitzpatrick, and Cabrera were served with the Complaint on July 28, 2016, and removed the action within thirty days thereafter. (Removal ¶ 10.)

[4] The parties do not dispute that Quad/Graphics is diverse from Plaintiff and that the amount in controversy is satisfied.

Case 2:16-cv-06450-SJO-SK Document 17 Filed 10/31/16 Page 3 of 8 Page ID #:282

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

CASE NO.: CV 16-06450 SJO (SKx)     DATE: October 31, 2016

counsel are required to meet and confer no later than seven days before the motion is filed. Additionally, this Court requires counsel to meet in person, if at all possible, and discuss the substance of the potential motion. (Initial Standing Order ¶ 20, ECF No. 10.)  As Defendants assert in their Opposition, Plaintiff's only attempt to meet and confer prior to filing the instant Motion was via one letter sent by email and U.S. mail on September 22, 2016–four days before filing the instant Motion.  (Def.'s Opp. to Mot. ("Opp'n") 3, ECF No. 13.)  The Court discusses the merits of the Motion since ultimately, for the reasons discussed herein, the action lacks complete diversity and remand is required.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  However, the Court admonishes Plaintiff that strict compliance with the Local Rules and this Court's Standing Order is required.

      B.      Defendants' Evidentiary Objections to the Gallagher Declaration

As a second threshold matter, Defendants object to the Gallagher Declaration on the grounds that the declaration:  (1) lacks the required language specified in 28 U.S.C. § 1746(2), requiring the declaration to be made "under penalty of perjury"; (2) is silent as to any discussion between the parties aimed at eliminating the need for the Motion; and (3) contains statements that lack foundation and are hearsay and irrelevant.  (*See generally* Defs.' Objections to Pl.'s Evidence in Supp. of Mot. ("Evidentiary Objections"), ECF No. 14-1.)

The Gallagher Declaration states only that "[a]ll of the facts stated herein are known personally to [her], and if called upon to testify, [she] would and could testify under oath to the facts stated herein."  (Gallagher Decl. ¶ 1.)  The Ninth Circuit has held that a declaration need only "'substantially' comply with [28 U.S.C. § 1746(2)'s] suggested language" for the Court to consider the declaration as evidence.  *Commodity Futures Trading Com'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999) (quoting 28 U.S.C. § 1746(2)); *see also* L.R. 1-4(b) (defining "declaration" to include "any declaration under penalty of perjury executed in conformance with 28 U.S.C. § 1746").  "Substantial compliance requires the declarant to make two assertions in the declaration:  (1) that the statements in the declaration were made 'under penalty of perjury,' and (2) 'that the contents were true and correct.'"  *Luxul Tech. Inc. v. NectarLux, LLC*, No. CV 14-03656 LHK, 2016 WL 3345464, at *5 (N.D. Cal. June 16, 2016) (quoting *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995)).  The Gallagher Declaration fails to make either assertion, and thus will be disregarded.  *See, e.g., Aviles v. Quik Pick Express, LLC*, No. CV 15-05214 MWF, 2015 WL 5601824, at *2 (C.D. Cal. Sept. 23, 2015) ("The promise that the declarant will testify truthfully when called as a witness and placed under oath does not ensure the integrity of the declaration itself"; sustaining evidentiary objection where declaration lacked attestation of truthfulness).  The Court **SUSTAINS** Evidentiary Objection (1) and **OVERRULES AS MOOT** Evidentiary Objections (2) and (3).

Case 2:16-cv-06450-SJO-SK Document 17 Filed 10/31/16 Page 4 of 8 Page ID #:283

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.: CV 16-06450 SJO (SKx)**          **DATE: October 31, 2016**

### C. Legal Standard

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

A defendant cannot successfully prove fraudulent joinder by arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim against that defendant. *See Munoz v. Lab. Corp. of Am.*, No. CV 15-00902 GW, 2015 WL 4507104 (C.D. Cal. July 23, 2015). Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1. "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002).

Plaintiff argues that Fitzpatrick and Cabrera are not sham defendants for the following three reasons: (1) Plaintiff's IIED claim is not preempted by the California Workers' Compensation Act ("CWCA"); (2) Fitzpatrick and Cabrera's conduct is not protected by the managerial privilege; and (3) Fitzpatrick and Cabrera's conduct rises to the level of "outrageous" conduct such that Plaintiff can state an IIED claim. (Mot. 3.) The Court discusses each ground in turn.

### D. Plaintiff's IIED Claim is Not Preempted Under the CWCA

The Court first addresses whether Plaintiff's IIED claim against Fitzpatrick and Cabrera is barred under the CWCA. In his Motion, Plaintiff argues that his IIED claim against Fitzgerald and Cabrera is not barred by the CWCA's exclusivity rule since it is based on age and disability discrimination. (Motion 13-14.) The Court agrees.

Under the CWCA, employees are entitled to compensation for injuries caused by their employment only in proceedings before the Worker's Compensation Appeals Board ("WCAB"). "[W]hen the employee's claim is based on conduct normally occurring in the workplace, it is within the exclusive jurisdiction of the Workers' Compensation Appeals Board." *Cole v. Fair Oaks Fire Prot.*

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-06450 SJO (SKx)      **DATE:** October 31, 2016

*Dist.*, 43 Cal. 3d 148, 151 (1987); *see also* Cal. Lab. Code § 3602(a) ("Where the conditions of [worker's compensation exist], the right to recover such compensation is . . .the sole and exclusive remedy of the employee . . . against the employer."). When bringing a claim for "demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability." *Fretland v. Cty. of Humboldt*, 69 Cal. App. 4th 1478, 1492 (1999)

However, "a plaintiff's emotional distress claims against his employer would not be preempted [by the CWCA] if the defendants' misconduct exceeded the normal risks of the employment." *Id.* (citation omitted); *accord*, *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 819-20 (2001). "Discrimination in employment is **not** a normal incident of employment." *Accardi v. Superior Court*, 17 Cal. App. 4th 341, 347 (1993) (emphasis in original); *accord*, *Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM, 2009 WL 1916495 at *4 (C.D. Cal. July 1, 2009) ("[A] claim for emotional and psychological damage, arising out of employment, is not barred where the distress is engendered by an employer's illegal discriminatory practices."). Since workers' compensation claims and discrimination claims involve "two separate wrongs," employees may pursue worker's compensation claims for their injuries and subsequent discrimination lawsuits under FEHA. *See Jones v. L.A. Community College Dist.*, 198 Cal. App. 3d 794, 808-09 (1988) ("The purpose of [FEHA] is 'to provide effective remedies which will eliminate such discriminatory practices.").

The Court finds that Plaintiff's IIED cause of action against Fitzpatrick and Cabrera is not barred by CWCA since it is engendered by Defendant's alleged illegal and discriminatory practices. In his Complaint, Plaintiff alleges that Fitzpatrick and Cabrera "devised a method to terminate [P]laintiff" because "he was an older employee who [became] disabled and needed time to heal . . . ." (Compl. ¶ 118.) Due to his alleged harassment and discriminatory termination, Plaintiff alleges that he has suffered "permanent emotional and mental distress . . . ." (Compl. ¶ 121.) As pled, Plaintiff's claim of emotional distress, caused by the employer's illegal discriminatory practices, is not preempted by the CWCA.

      E.     <u>Plaintiff's IIED Claim is Not Barred Under Managerial Privilege</u>

The Court next addresses whether Fitzpatrick and Cabrera are protected by the managerial privilege, which would render them sham defendants. Plaintiff argues that the present case is analogous to *Olguin v. Int'l Paper Co.*, No. CV 16-01865 AB, 2016 WL 1643722, at *1 (C.D. Cal. Apr. 26, 2016), in which the defendant manager inaccurately reported the cause of the plaintiff employee's absences as unexcused, and terminated the plaintiff for violating the employer's attendance policy. 2016 WL 1643722, at *1. However, the absences were in fact protected under the FMLA and the California Family Rights Act due to the plaintiff's asthma condition. *Id.* The

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-06450 SJO (SKx)          **DATE:** October 31, 2016

court held that although the plaintiff's "complaint lacks detail concerning [defendant manager's] intent . . . there is a 'non-fanciful possibility' that [plaintiff employee] will be able to allege a claim of IIED against [defendant manager] for his conduct because [plaintiff employee] has alleged that [defendant manager] deceptively denied him a right given to other employees." *Id.* at *4.

Here, Defendants attempt to distinguish *Olguin* by reasoning that "[p]laintiff makes the empty assertion that Fitzpatrick and Cabrera 'fabricated a reason for his termination' without any supporting factual basis for the allegation," whereas the plaintiff employee in *Olguin* "specifically alleged that his supervisor 'deceptively denied him a right given to other employees' and that the deception resulted in his termination." (Opp'n. 16.) Defendants' attack on Plaintiff's pleadings is unavailing. Plaintiff alleges that Defendants Fitzpatrick and Cabrera provided false reasons to terminate Plaintiff because he was an older employee who became disabled and needed time to heal. (Compl. ¶ 118.) "[E]ven if [plaintiff employee] has failed to allege sufficient facts, the Court considers whether, under California law, [Plaintiff] would be given leave to amend to allege sufficient facts in supports of his IIED claim." *See Olguin*, 2016 WL 1643722, at *4. Defendant has offered no reason why Plaintiff should be denied leave to add additional facts to establish that Fitzpatrick and Cabrera allegedly provided pretextual reasons for his termination. Therefore, Defendants fail to meet their heavy burden in demonstrating that Fitzpatrick and Cabrera's conduct falls under the managerial privilege.

       F.      <u>Plaintiff Presents a Non-Fanciful Possibility That He Can State a Claim For IIED</u>

The Court finally addresses whether Plaintiff can state a claim for IIED. The elements of an IIED cause of action are "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." *Molko v. Holy Spirit Assn.*, 46 Cal. 3d 1092, 1120 (1988), *superseded by statute on other grounds as stated in Aguilar v. Atl. Richfield Co.*, 46 Cal. 3d 1092 (1988). "Conduct is extreme and outrageous when it 'exceeds all bounds [of decency] usually tolerated by a decent society, [and is] of a nature which is especially calculated to cause, and does cause, mental distress . . . .'" *Id.* at 1122 (quoting *Cole*, 43 Cal. 3d at 155, n.7). "Behavior may be considered outrageous if a defendant . . . abuses a relation or position which gives him power to damage the plaintiff's interest . . . ." *Molko*, 46 Cal. 3d at 1122.

Plaintiff argues that he can state a claim for IIED in state court since he "alleges that Fitzpatrick and Cabrera abused positions of authority over Plaintiff." (Mot. 17) (citing Compl. ¶ 110.) In support of his IIED claim, Plaintiff alleges that after Defendant assigned Plaintiff to a job requiring heavy lifting, Defendants ignored Plaintiff's complaints regarding back pain. (Mot. 17.) Once Plaintiff took medical leave following surgery, Defendants terminated Plaintiff under allegedly false pretenses and hired a younger employee. (Mot. 17-18) (citing Compl. ¶ 5.) Plaintiff cites *Gibson v. Am. Airlines,* No. CV 96-01444 FMS, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996), in which the court found that the plaintiff employee could maintain an action for IIED given plaintiff

Case 2:16-cv-06450-SJO-SK Document 17 Filed 10/31/16 Page 7 of 8 Page ID #:286

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_<br>\_\_\_\_<br>\_\_\_\_<br>\_\_\_\_<br>\_\_\_\_<br>\_\_\_\_ |
|---|---|---|---|

CASE NO.: CV 16-06450 SJO (SKx)          DATE: October 31, 2016

employee was "denied the right to medical leave in a deceptive manner when other employees were given such a right . . . ." 1996 WL 329632, at *4.

Defendant argues that Plaintiff cannot state a claim for IIED since "[c]ases in which courts have found IIED generally involve racial epithets made directly to the plaintiff, or repeated threats of physical harm stated in graphic terms." (Mot. 18.) Defendant cites *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996), for the proposition that IIED claims are baseless as they relate to supervisory activity "such as job assignments, transfers and termination." (Mot. 17 n.9.) Defendants' argument is unpersuasive. While termination "is not alone sufficient to satisfy the standard for extreme and outrageous conduct, [w]here the behavior goes beyond the act of termination . . . 'the court [must] determine whether on the evidence severe emotional distress can be found.'" *Gibson*, 1996 WL 329632 at *4 (citations omitted). Plaintiff's IIED claim is centered on the allegations that Fitzpatrick and Cabrera provided false reasons to terminate him based on his age and disability, and subjected him to "intimidation that jeopardized his job, health, and career," (Compl. ¶¶ 109, 118), which are allegations of conduct "other than that inherent in terminating an employee." *See Gibson*, 1996 WL 329632 at *4 (finding that plaintiff's IIED claim was not subject to dismissal where conduct went beyond mere termination).

Defendants also argue that Plaintiff fails to state an IIED claim against Fitzpatrick and Cabrera because Plaintiff fails to allege any conduct by Fitzpatrick and Cabrera, and because Plaintiff's testimony regarding the timing of his complaints of back pain is inconsistent with his allegations in the Complaint. (Opp'n. 5-6.) Both arguments are unpersuasive. Plaintiff's Complaint expressly alleges, "The reasons Defendants, **including Jim Fitzpatrick; Oscar Cabrera** provided for Plaintiff's termination were false and pretextual . . . ." (Compl. ¶ 113) (emphasis added.) Even if Plaintiff's allegations against Fitzpatrick and Cabrera are conclusory, Defendants fail to show why Plaintiff should be denied leave to amend the Complaint in state court. *See* Section II.E. *supra*. Additionally, Plaintiff's allegedly inconsistent deposition testimony regarding the timing of his complaints of back pain to Fitzpatrick and Cabrera does not foreclose Plaintiff's IIED claim against them: such testimony is not necessary to establish Plaintiff's claim that Fitzpatrick and Cabrera provided false reasons for his termination. Accordingly, Plaintiff provides a non-fanciful possibility that he can state an IIED claim against Fitzpatrick and Cabrera in state court.

In sum, Fitzpatrick and Cabrera cannot be characterized as sham defendants. The IIED claim against them is not preempted by the CWCA or barred by the managerial privilege, and Plaintiff has presented a non-fanciful possibility of demonstrating that the conduct is outrageous for an IIED claim. *See Gibson*, 1996 WL 329632, at *4 (finding that defendant was not a sham defendant because "it cannot be said that there is no possibility plaintiff could prevail on the intentional infliction of emotional distress claim against [defendant] in state court."). Accordingly, Fitzpatrick's and Cabrera's presence in the action destroys complete diversity, requiring remand.

///

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|
| | CIVIL MINUTES - GENERAL | |

**CASE NO.:** CV 16-06450 SJO (SKx)     **DATE:** October 31, 2016

III. RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff Jaime Corona's Motion to Remand and **REMANDS** this action to the Superior Court of the State of California, County of Los Angeles. This case shall close.

IT IS SO ORDERED.